IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICKI LYNN FELL, )
　) 
　　　　Plaintiff, )
　)
　-vs- ) Civil Action No.  19-857
　)
ANDREW M. SAUL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　　　Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

### I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), Scot Gulick, held a video hearing on July 3, 2018.  (ECF No. 7-3).  On August 1, 2018, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 7-2, pp. 13-21).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11).  The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

II.   **LEGAL ANALYSIS**

    A.   **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Evidence

Plaintiff argues that the ALJ erred by giving improper weight to the opinion evidence by Plaintiff's treating physician thereby resulting in an unsubstantiated residual functional capacity (RFC).[2]  (ECF No. 10, pp. 13-19).  The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).  The opinion of a treating physician need not be viewed uncritically, however.

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff argues that the ALJ "dismisses all contrary medical opinion evidence favoring Plaintiff in one fell swoop, implying that medical opinions as to the nature and

4

severity of symptoms exist separately from the residual functional capacity of a claimant, which is an 'administrative finding' left solely to the Commissioner." (ECF No. 10, p. 14). Plaintiff continues along that same line basically arguing that the reasons given by the ALJ were not "good reasons" with careful consideration. *Id.* The ALJ discussed all of Plaintiff's opinion evidence in one paragraph.

> The undersigned gives little weight to the opinions of disability at Exhibits 4F, 17F, 21F and 24F/8-9, because they are inconsistent with the claimant's own reports that her medications are effective and she had no residual from her stroke. Moreover, the claimant's physical and mental examinations have not shown disabling limitations. In addition, an individual's residual functional capacity and whether an individual is "disabled" under the Act are not medical issues regarding the nature and severity of an individual's impairments but are administrative findings that are dispositive of a case. The regulations provide that the final responsibility for deciding these issues is reserved to the Commissioner. Treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. However, the opinions have not been ignored (SSR 96-5p).

(ECF No. 7-2, p. 19). Other than opinions on whether a person is disabled, I am troubled by this simplistic resolution of weighing opinion evidence. It concerns me that the ALJ states that Plaintiff's statement concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence but then uses her testimony to discredit the opinions of her doctor. (ECF No. 7-2, p. 19).

Additionally, Plaintiff argues, *inter alia*, that the ALJ erred in granting partial weight to the opinion of the consultative examiner but failing to include in the RFC the doctor's opinion regarding avoidance of concentrated exposure to extreme cold. (ECF No. 10, p. 18). The ALJ discussed the opinions of the state agency physician, Dr. Guie, and the consultative physician, Dr. Malik. (ECF No. 7-2, p. 19). The ALJ gave partial weight to their opinions specifically indicating his disagreement with their opinions only in the following respect:

> [T]hey indicate the claimant can do work at the medium exertional level, but the undersigned finds the claimant is limited to light based on additional evidence admitted to the record and the claimant's subjective complaints at the hearing. Although their opinions indicate that she can work despite her physical problems, the overall record shows that she is more limited than these physicians indicated.

*Id.* at p. 19.  Thus, by implication, the ALJ gave their opinions great weight in all other respects.

Plaintiff argues, however, that Dr. Guie opined that Plaintiff should avoid concentrated exposure to extreme cold and the ALJ should have accounted for that in the RFC.[3]  (ECF No. 10, p. 18).  The ALJ found that Plaintiff has the RFC to perform light work with exceptions. (ECF No. 6-2, pp. 18-19).  Specifically, with regard to the environmental limitation of cold, the ALJ found that Plaintiff "can be in extreme cold occasionally."  (ECF No. 7-2, p. 17).  Plaintiff submits that the ALJ erred by failing to give an explanation for why he did not incorporate Dr. Guie's avoidance limitation into the RFC.  *Id.*

After a review of the record, I agree.  Certainly, the ALJ is not required to accept Dr. Guie's opinions at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).  To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence.  *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006).  "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"  *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).  Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence.  *Id.*

---

[3] I note that Dr. Malik did not limit Plaintiff's concentrated exposure to extreme cold, which is in direct conflict with Dr. Guie's opinion.  *Compare* ECF No. 7-4, p. 12 *with* No. 7-30.  The ALJ does not mention or resolve this conflict anywhere in the opinion.  *See,* ECF No. 7-2, pp. 13-20.  The failure to address this conflict is troubling.

6

Here, the ALJ failed to articulate why he gave weight to the opinion of Dr. Guie regarding avoidance of concentrated exposure to extreme cold but did not account for them in the RFC. The failure to provide an explanation prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted on this issue.[4]

An appropriate order shall follow.

---

[4] Plaintiff further submits that the case should be remanded for various other reasons. (ECF No. 10, pp. 13-18). Since I am remanding this matter on the issues set forth above, I need not consider the same at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKI LYNN FELL,<br><br>    Plaintiff,<br><br> -vs-<br><br>ANDREW M. SAUL,[5]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 19-857 |

AMBROSE, Senior District Judge

### ORDER OF COURT

THEREFORE, this 14th day of July, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is granted and Defendant's Motion for Summary Judgment (ECF No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[5] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.